**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| | * |
| **IRONWORKERS INDUSTRY** | * |
| **ADVANCEMENT FUND,  et al.** | |
| | * |
| **Plaintiffs,** | |
| | * |
| **v.** | **Case No. WDQ-12-2084** |
| | * |
| **AS&L INDUSTRIAL SERVICES, INC.** | |
| | * |
| **Defendant.** | |
| | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

<u>REPORT AND RECOMMENDATION</u>

The above-referenced case was referred to the undersigned for review of plaintiffs' motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6.  (ECF No. 8.)  Currently pending is plaintiffs' Motion for Default Judgment ("Motion").  (ECF No. 7.)  No hearing is deemed necessary.  <u>See</u> Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6.  For the reasons discussed herein, I respectfully recommend that plaintiffs' Motion (ECF No. 7) be GRANTED and that relief be awarded as set forth herein.

**I.    <u>BACKGROUND</u>**

Plaintiff Bridge, Structural, Ornamental & Reinforcing Iron Workers, Local Union No. 16 ("Local 16") is an unincorporated labor organization as defined by 29 U.S.C. § 152(5) and represents ironworkers in Maryland.  (ECF No. 1 ¶ 4.)  Local 16 established the Ironworkers Local Union No. 16 Pension Fund, the Ironworkers Local Union No. 16 Health Fund, the Ironworkers Local Union No. 16 Annuity Plan, the Ironworkers Local Union No. 16 Apprentice Fund, and the Ironworkers Local Union No. 16 Vacation Fund (collectively, the "Ironworkers

Funds") for the benefit of ironworker employees.  (ECF No. 1 ¶ 1.)  The Ironworkers Funds are

funded by employer contributions pursuant to Local 16's collective bargaining agreements.  (Id.

¶ 1.)  Plaintiff Trustees are the trustees and administrators of each of the Ironworkers Funds

pursuant to the Agreements and Declarations of Trust governing each (the "Trust Agreement"),

and are fiduciaries pursuant to 29 U.S.C. § 1002(21).  (Id. ¶ 2.)

The Ironworkers Industry Advancement Fund and the Ironworker-Management

Progressive Action Cooperative Fund (collectively, the "Industry Funds") are established to

promote the unionized iron working industry, and, like the Ironworkers Funds, are funded by

employer contributions pursuant to the CBA.  (Id. ¶ 3.)  An employer who fails to make required

contributions to an employee benefit plan, such as the Ironworkers Funds or the Industry Funds,

is liable for the unpaid contributions, interest, liquidated damages, reasonable attorneys' fees,

and costs, pursuant to the Employee Retirement Income Security Act ("ERISA").  29 U.S.C. §

1132(g).

Defendant AS&L Industrial Services, Inc. ("defendant"), a Maryland corporation, is an

"employer in an industry affecting commerce" as defined in 29 U.S.C. §§ 142, 152, and 1001a.

(Id. ¶ 5.)  Defendant entered a collective bargaining agreement with Local 16 (the "CBA"), and

through the CBA agreed to be bound by the Trust Agreement in employing ironworkers who are

members of Local 16.  (Id. ¶¶ 7-8.)  Thus, defendant was required to make contributions to the

Ironworkers Funds and the Industry Funds based upon the number of hours worked by

employees covered under the CBA.  (Id ¶¶ 9-11.)  Defendant did not make the required

contributions for July 2011 through September 2012.  (ECF No. 7 Ex. A at 3.)

Local 16, the Industry Funds, and the Trustees of the Ironworkers Funds (collectively,

"plaintiffs") brought this suit against defendant for its failure to make the required contributions

2

in violation of the CBA, the Trust Agreement, and ERISA.  (ECF No. 1 ¶¶ 21.)  On July 7, 2012,

Plaintiffs filed their Complaint, seeking damages for unpaid contributions due for July 2011

through February 2012.  (Id. ¶¶ 16.)

Plaintiffs served defendant with a Summons and copy of the Complaint on July 25, 2012.

(ECF Nos. 3, 4.)  After defendant failed to answer or otherwise defend, plaintiffs requested an

entry of default (ECF No. 5), which the clerk of this court granted on September 4, 2012.  (ECF

No. 6.)  Plaintiffs filed their Motion for Default Judgment on November 5, 2012.  (ECF No. 7.)

Defendant filed no response to plaintiffs' Motion.  Plaintiffs seek damages in the amount of

$304,568.16, which includes: (1) unpaid contributions for July 2011 through September 2012 in

the amount of $231,903.34; liquidated damages in the amount of $40,168.80; interest in the

amount of $32,496.02; attorneys' fees in the amount of $4,542.75; and $445.00 in costs.  (ECF

No. 7.)

In support thereof, plaintiffs submit the affidavits of David Puchalski, the representative

of the third-party administrator of plaintiffs, and Francis Martorana, Esq., plaintiffs' counsel.

(ECF No. 7 Exs. A, B.)

On November 6, 2012, Judge Quarles referred plaintiffs' Motion to the undersigned to

review and make recommendations concerning damages.  (ECF No. 8.)

**II.    STANDARD FOR ENTRY OF DEFAULT JUDGMENT**

In reviewing a motion for default judgment, the court accepts as true the well-pleaded

factual allegations in the complaint as to liability.  Ryan v. Homecomings Fin. Network, 253

F.3d 778, 780-81 (4th Cir. 2001).  It remains for the court, however, to determine whether these

unchallenged factual allegations constitute a legitimate cause of action.  Id.; see also 10A

Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3rd ed. Supp. 2010) ("[L]iability

is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154 (2d Cir. 1999). In so doing, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). The court may also make a determination of damages without a hearing, so long as there is an adequate evidentiary basis in the record for the award. See, e.g., Stephenson v. El-Batrawi, 524 F.3d 907, 917 n.11 (8th Cir. 2008) ("Foregoing an evidentiary hearing may constitute an abuse of discretion when the existing record is insufficient to make the necessary findings in support of a default judgment."); Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001) (court need not make determination of damages following entry of default through hearing, but rather may rely on detailed affidavits or documentary evidence to determine the appropriate sum).

In sum, the court must (1) determine whether the unchallenged facts in plaintiffs' Complaint constitute a legitimate cause of action, and, if they do, (2) make an independent determination regarding the appropriate amount of damages.

## III.   DISCUSSION

### A.  Defendant's Liability

As discussed above, defendant was obligated under the CBA, the Trust Agreement, and ERISA, to make contributions to the Ironworkers Funds and the Industry Funds. The well-pled allegations in plaintiffs' Complaint establish that defendant failed to make the required

contributions.  (ECF No. 1.)  Accordingly, I conclude that plaintiffs have established that defendant has breached the CBA and the Trust Agreement, and that plaintiffs are entitled to relief pursuant to ERISA.  29 U.S.C. § 1132(g)(2)(A)-(C).

## B.   Damages

Having determined that plaintiffs have proven liability, the undersigned now undertakes an independent determination of the damages to which they are entitled.  Pursuant to ERISA and the terms of the CBA and the Trust Agreement, plaintiffs seek to recover a total sum of the $304,568.16 from defendant.  (ECF No. 7 Ex. A.)

### 1.   Unpaid Contributions

Plaintiffs seek to recover unpaid contributions totaling $231,903.34.  (Id.)  Plaintiffs present the affidavit of David Puchalski, Account Executive for GEM Group, the third-party administrator for plaintiffs, as well as the relevant portions of the CBA and Trust Agreement, and a chart calculating the amount of required contributions that remain unpaid by defendant. (Id.)  I have reviewed the affidavit and documents submitted, and find that plaintiffs have presented sufficient evidence to establish the amount of unpaid contributions that they are entitled to collect.  Accordingly, I recommend granting plaintiffs' request to recover damages for unpaid contributions in the amount of $231,903.34.

### 2.   Liquidated Damages

Plaintiffs seek to recover a total sum of $40,168.80 in liquidated damages from defendant assessed for unpaid contributions during the months of July 2011 through September 2012. (ECF No. 7 Ex. B at 22-23.)  ERISA provides that a plaintiff who wins a judgment for unpaid contributions pursuant to an employee benefit plan is entitled to collect liquidated damages provided for in the plan not in excess of 20%.  29 U.S.C. § 1132(g)(2)(C)(ii).  Here, the CBA

and Trust Agreement provide for liquidated damages of 10% of all unpaid contributions.  (ECF No. 7 Ex. A at 23, 27.)  Plaintiffs have provided adequate calculations to establish that they are entitled to collect liquidated damages accrued from July 2011 through September 2012.  (ECF No. 7 Ex. A at 22-23.)  Accordingly, I recommend granting plaintiffs' request to recover liquidated damages in the amount of $40,168.80, which represents liquidated damages for unpaid contributions from July 2011 through September 2012.

### 3. <u>Interest</u>

Plaintiffs also seek to recover interest in the amount of $32,496.02 assessed against defendant for unpaid contributions from July 2011 through September 2012.  (ECF No. 7 Ex. A at 4.)  ERISA provides that an employer is liable for interest on unpaid contributions to an employee benefit plan.  29 U.S.C. § 1132(g)(2)(B).  In this case, the CBA provides that an employer shall be bound by the Trust Agreement terms concerning interest on unpaid contributions.  (ECF No. 7 Ex. A at 8.)  The Trust Agreement sets the interest rate at 12% per annum on unpaid contributions, starting from the date due and accruing until paid.  (<u>Id.</u> at 27.)  Plaintiffs have provided sufficient calculations to establish that they are entitled to interest accrued from September 4, 2011 through October 31, 2012.  (<u>Id.</u> at 22-23.)  Accordingly, I recommend granting plaintiffs' request to recover interest in the amount of $32,496.02, which represents interest on contributions that were not paid for the period of July 2011 through September 2012.

### C. <u>Attorneys' Fees and Costs</u>

Plaintiffs request $4,542.75 in attorneys' fees and $445.00 in costs of suit, totaling $4,987.75.  (ECF No. 7 Ex. B.)  The CBA, the Trust Agreement, and ERISA provide for an award of attorneys' fees and costs.  29 U.S.C. § 1132(g)(2)(D); (ECF No. 7 Ex. B at 9, 27).  In

order to properly determine an award of reasonable attorneys' fees, the court must calculate the "lodestar amount" by multiplying the number of hours reasonably expended times a reasonable hourly rate.  Blum v. Stenson, 465 U.S. 886, 888 (1984); Grissom v. Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008).  The plaintiff must demonstrate that "the number of hours for which [it] seeks reimbursement is reasonable and does not include hours that are excessive, redundant, or otherwise unnecessary."  Victor Stanley, Inc. v. Creative Pipe, Inc., No. MJG-06-2662, 2011 WL 2552472, at *3 (D. Md. Jan. 24, 2011) (internal quotation marks omitted).

In support of their request for attorneys' fees and costs, plaintiffs submit the affidavit of Francis J. Martorana, a partner with the law firm retained by plaintiffs in the instant action. (ECF No. 7 Ex. B.)  Mr. Martorana states that the proposed lodestar calculation represents 35.25 hours of work performed in this case at an hourly rate of $217.00 for attorneys, and $108.00 for paralegals.  Mr. Martorana, a partner, expended 6.75 hours at $217 per hour for a total of $1464.75; paralegal Pat Kayode expended 28.5 hours at $108 per hour for a total of $3078.00. Although Mr. Martorana does not state in his affidavit how many years of experience he has, I find that $217.00 is a reasonable hourly rate for a partner to charge in this type of action.  Loc. R. App. B.3.

With respect to the time spent on this case, I note that the 35.25 hours expended here is higher than in some similar cases.  See, e.g., Man-U Serv. Contract Trust Fund v. Teltara, Inc., No. ELH-11-1244, 2011 WL 4596218, at *3 (D. Md. Sept. 30, 2011), report and recommendation adopted, 2011 WL 5007833 (D. Md. Oct. 18, 2011) (recommending court grant plaintiffs' request for $2,320.00 in attorneys' fees representing 11.6 hours of work performed at an hourly rate of $200.00).  Nevertheless, I find the time spent in this case reasonable for two reasons.  First, the bulk of the time was expended by a paralegal, at a paralegal's hourly rate.  I

interpret this course of action as an effort to minimize litigation costs.  Second, this case involves

ongoing violations that, based on the billing records provided, necessitated several updates to

calculations of damages.  In sum, the time spent by plaintiffs' counsel in handling a case of this

nature was reasonable.  Accordingly, I recommend granting plaintiffs' request for $4,542.75 in

attorneys' fees.

Finally, I find that plaintiffs' litigation costs of $445.00 are reasonable and documented

in the record (ECF No. 7 Ex. B at 7-8), and recommend granting this request.  See Schedule of

Fees, http://www.mdd.uscourts.gov/publications/Forms/ScheduleofFees.pdf (June 29, 2009)

(cost of filing a civil action in this court is $350.00).

## IV.    CONCLUSION

In sum, I recommend that:

1. The court GRANT plaintiffs' Motion for Default Judgment (ECF No. 7); and

2. The court enter judgment in favor of plaintiffs in the amount of $304,568.16 consisting of an

   award for unpaid contributions in the amount of $231,903.34, liquidated damages in the

   amount of $40,168.80, interest in the amount of $32,496.02, attorneys' fees of $4,542.75, and

   $445.00 in costs of suit; and

I also direct the Clerk to mail a copy of this Report and Recommendation to defendant

AS&L Industrial Services, Inc. at the address listed on plaintiffs' Complaint.  (ECF No. 1.)

Any objections to this Report and Recommendation must be served and filed within

fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date:    February 14, 2013                            /s/
                                              Beth P. Gesner
                                              United States Magistrate Judge