IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

TRUSTEES OF THE IRONWORKERS
LOCAL UNION NO. 16 PENSION FUND,
et al.,

    Plaintiffs,

    v.                              CIVIL NO.: WDQ-12-2084

AS&L INDUSTRIAL SERVICES, INC.

    Defendant.

MEMORANDUM OPINION

The Trustees of the Ironworkers Local Union No. 16 Pension Fund and others[1] (collectively, the "Plaintiffs") sued AS&L Industrial Services, Inc. ("AS&L") for violations of the Employment Retirement Income Security Act ("ERISA") of 1974, as amended.[2] Pending is the Plaintiffs' motion for judgment.

On July 12, 2012, the Plaintiffs filed suit seeking missed contributions to several funds, liquidated damages, and interest

---

[1] Trustees of the Ironworkers Local Union No. 16 Health Fund; Trustees of the Ironworkers Local No. 16 Annuity Plan; Trustees of the Ironworkers Local No. 16 Apprentice Fund; Trustees of the Ironworkers Local No. 16 Vacation Fund; Ironworkers Industry Advancement Fund; Ironworker-Management Progressive Action Cooperative Fund; and Bridge, Structural, Ornamental & Reinforcing Iron Workers, Local Union No. 16.

[2] 29 U.S.C. §§ 1001 et seq.

from July 2011 through February 2012.³  ECF No. 1.  The complaint expressly sought "contributions, if any, which become due after the filing of this lawsuit and up to the date of judgment, plus interest and liquidated damages on any such contributions."  ECF No. 1 at 6.

On September 4, 2012, the Clerk entered default against AS&L.  ECF No. 6.  On November 5, 2012, the Plaintiffs moved for default judgment, submitting spreadsheets with damages calculations.  ECF No. 7.  On February 14, 2013, U.S. Magistrate Judge Beth P. Gesner, issued a report and recommendation ("R&R") for $231,903.34 unpaid contributions, $40,168.80 in liquidated damages, $32,496.02 interest, $4,542.75 in attorneys' fees, and $445.00 costs.  ECF No. 9 at 8.  On April 8, 2013, the Court adopted as modified the R&R, entered judgment noting apparent computation errors in the interest and liquidated damages calculations.  ECF No. 10.

On May 1, 2013, the Plaintiffs moved for judgment, submitting revised calculations.  ECF No. 12.  The Plaintiffs also seek additional liquidated damages and interest through April 30, 2013.  *Id.*

Under Fed. R. Civ. P. 54(c), a default judgment must not "exceed in amount, what is demanded in the pleadings."

---

³ The complaint requested $179,300.94 in missed contributions, and $64,912.48 in liquidated damages and interest.  ECF No. 1 at 6.

2

The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action. It would be fundamentally unfair to have the complaint lead defendant to believe that only a certain type and dimension of relief was being sought and then, should defendant attempt to limit the scope and size of the potential judgment by not appearing or otherwise defaulting, allow the court to give a different type of relief or a larger damage award.

10 Charles Alan Wright, et al., *Federal Practice & Procedure* § 2663.

In this case, the complaint specifically requests ERISA damages accruing during the pendency of the action. See ECF No. 1 at 6. The Plaintiffs also served the motions for default judgment and judgment on AS&L by mail. See ECF Nos. 7-5, 12 at 12. In similar ERISA cases, Courts have held that such an award on default judgment does not violate Rule 54(c) because the defendant is on notice of the additional damages, particularly when the defendant is served with documentation of the additional contributions.[4] The Court finds this reasoning persuasive, and will grant damages running to April 30, 2013.[5]

---

[4] See, e.g., *Trs. of the St. Paul Elec. Constr. Indus. Fringe Benefit Funds v. Martens Elec. Co.*, 485 F. Supp. 2d 1063, 1069 (D. Minn. 2007); *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005).

[5] The Court notes that, at first glance, the missed contributions for July 2011 to February 2012 total $183,352.12, more than the $179,300.94 sought in the complaint. See ECF Nos. 1 at 6, 11-3 at 1. However, there are additional deductions at the end of the calculation for amounts paid to the vacation fund ($15,297.00) and overpayments ($3,795.17) that reduce the amount

The Court has examined the revised calculations, and the liquidated damages and interest errors have been corrected. *See* ECF No. 11-3. Accordingly, the Plaintiffs' motion for judgment will be granted, and judgment will be entered in the requested amounts of $44,077.04 in interest and $34,878.19 in liquidated damages.

5/31/13
Date

William D. Quarles, Jr.
United States District Judge

---

to less than $179,300.94. *See* ECF No. 12-3. Judgment for these amounts does not violate Rule 54(c).